United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Michael A Kingston, III
    Debtor

Case No. 16-12269-elf
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: admin        Page 1 of 1        Date Rcvd: Jul 22, 2016
                            Form ID: 318     Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 24, 2016.
```
db             +Michael A Kingston, III,    1306 S. Bancroft Street,    Philadelphia, PA 19146-4719
13702343       +Bur Acct Mgm,    3607 Rosemont Ave Ste 50,    Camp Hill, PA 17011-6904
13702345       +CBNA,    PO Box 6283,    Sioux Falls, SD 57117-6283
13702346       +Central Financal Control,    PO Box 66044,    Anaheim, CA 92816-6044
13702349       +Intl Coll Sv/MAF Collections,    Po Box 2842,    Tampa, FL 33601-2842
13702350       +Midland Mortgage Company/Mid First Bank,    Attention: Bankruptcy,    Po Box 26648,
                 Oklahoma City, OK 73126-0648
13702351       +Police And Fire Fcu,    901 Arch St,    Philadelphia, PA 19107-2495
13702352       +Sim Financial Corp,    PO Box 9500,    Wilkes Barre, PA 18773-9500
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: bankruptcy@phila.gov Jul 23 2016 01:27:40      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 23 2016 01:26:46      Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jul 23 2016 01:27:22      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13702344        EDI: CAPITALONE.COM Jul 23 2016 01:13:00      Capital One Bank,    15000 Capital One Drive,
                 Henrico, VA 23238
13702347       +EDI: CHASE.COM Jul 23 2016 01:13:00      Chase Card,    PO Box 15289,    Wilmington, DE 19850-5289
13702348       +EDI: CMIGROUP.COM Jul 23 2016 01:13:00      Credit Management, LP,    Attn: Bankruptcy,
                 Po Box 118288,    Carrolton, TX 75011-8288
                                                                                              TOTAL: 6

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 24, 2016                            Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 21, 2016 at the address(es) listed below:
```
              CHRISTINE C. SHUBERT    christine.shubert@comcast.net, J100@ecfcbis.com
              CHRISTINE C. SHUBERT    on behalf of Trustee CHRISTINE C. SHUBERT christine.shubert@comcast.net,
               J100@ecfcbis.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              RAYMOND M. KEMPINSKI    on behalf of Debtor Michael A Kingston, III ray@colemankempinski.com,
               ray@colemankempinski.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                              TOTAL: 5
```

## Information to identify the case:

| | | |
|---|---|---|
| Debtor 1 | **Michael A Kingston III** | Social Security number or ITIN **xxx–xx–1245** |
| | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **Eastern District of Pennsylvania**

Case number:  **16–12269–elf**

---

# Order of Discharge                                                                             12/15

---

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Michael A Kingston III

7/21/16                                                      **By the court:**  Eric L. Frank
                                                                                            United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

---

Official Form 318                                **Order of Discharge**                                page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**